## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD LOWERY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3908** |
| **BURL CAIN** | **SECTION "N"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the instant petition be **DENIED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## I.  PROCEDURAL HISTORY[1]

Petitioner, Edward Lowery, is a state prisoner currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Petitioner was convicted on January 5, 2004, in the Twenty-Second Judicial District Court for the Parish of St. Tammany, of two counts of simple burglary.  The State filed a multiple offender bill of information against petitioner and he was adjudicated to be a fourth felony offender.  Pursuant to his multiple offender status, petitioner was sentenced, as to count one, to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.  As to count two, petitioner was sentenced to twelve years imprisonment at hard labor, to be served concurrently with the enhanced sentence imposed as to count one.

Petitioner appealed his convictions and sentences, raising the following six claims: 1) The trial court erred in denying his motion to suppress; 2) the trial court erred in finding petitioner to be a fourth felony offender; 3) excessive sentence; 4) the trial court failed to advise him of the time for seeking post-conviction relief; 5) the trial court erred in adjudicating him to be a fourth-felony offender as one of the prior offenses was punishable by an imprisonment term of less than five years; 6) the trial court erred by considering fingerprints contained in an arrest registry for purposes of adjudicating him to be a fourth-felony offender; and, 6) the trial court erred in imposing two sentences.  On December 17,

---

[1] A portion of the procedural history was taken from the Louisiana First Circuit Court of Appeal's opinion, *State v. Lowery,* 890 So.2d 711 (La. App. 1 Cir. Dec. 17, 2004).

2

2004, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences, but remanded the matter with instructions that the trial court advise petitioner of the applicable time period for seeking post-conviction relief. *State v. Lowery*, 890 So.2d 711 (La. App. 1 Cir. Dec. 17, 2004). On May 13, 2005, the Louisiana Supreme Court denied petitioner's writ application. *State v. Lowery*, 902 So.2d 1018 (La. 2005).

Following the completion of his direct appeal proceedings, petitioner sought post-conviction relief, filing numerous writ applications in the state court system. In particular, petitioner filed the following writ applications with the Louisiana Supreme Court.

> 1) *State ex rel. Lowery v. State*, No. 2006-KH-0806, 955 So.2d 674 (2007), wherein petitioner complained that an invalid conviction was used to enhance his sentence.[2] On April 27, 2007, the Louisiana Supreme Court denied petitioner's writ application pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.
>
> 2) *State ex rel. Lowery v. State*, No. 2007-KH-2417, 992 So.2d 976 (2008), wherein petitioner sought review of an adverse opinion with respect to his motion to vacate wherein petitioner argued that an invalid conviction was used to enhance his sentence.[3] On September 26, 2008, the Louisiana Supreme Court denied petitioner's writ application as repetitive and not cognizable on collateral review, citing La.C.Cr.P. art. 930.4(D); La.C.Cr.P. art. 930.3; and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.
>
> 3) *State ex rel. Lowery v. State*, No. 2008-KH-1007, 996 So.2d 1068 (2008), wherein petitioner requested the state high court to direct the trial court to rule

---

[2] A copy of petitioner's writ application in 2006-KH-806 is contained in the State rec., supplemental vol. 1 of 3.

[3] A copy of petitioner's writ application in 2007-KH-2417 is contained in the State rec., supplemental vol. 1 of 3

on petitioner's post-conviction application.[4] On November 10, 2008, the Louisiana Supreme Court denied petitioner's writ application.

4) *State ex rel. Lowery v. State*, No. 2008-KH-1588, 996 So.2d 1068 (2008), wherein petitioner complained that a prior conviction, used to enhance his present sentence, was unconstitutional.[5] On November 10, 2008, the Louisiana Supreme Court denied petitioner's writ application as untimely pursuant to La.C.Cr. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

5) *State ex rel. Lowery v. State*, No. 2008-KH-2312, 9 So.3d 866 (2009), wherein petitioner again requested the state high court to order the trial court to rule on petitioner's post-conviction application.[6] On June 5, 2009, the Louisiana Supreme Court denied petitioner's writ application.

6) *State ex rel. Lowery v. State*, No. 2008-KH-2391, 9 So.3d 868 (2009), wherein petitioner again claimed that his multiple offender adjudication was unconstitutional, noting that the state appellate court declined to address the claim because it was raised on direct appeal.[7] On June 5, 2009, the Louisiana Supreme Court denied petitioner's writ application pursuant to La.C.Cr.P. art. 930.3 and *Melinie*, *supra*.

7) *State ex rel. Lowery v. State*, No. 2009-KH-0246, 45 So.3d 1088 (2010), wherein petitioner once again sought a ruling from the state trial court with

---

[4]A copy of petitioner's writ application in 2008-KH-1007 is contained in the State rec., supplemental vol. 1 of 3.

[5]A copy of petitioner's writ application in 2008-KH-1588 is contained in the State rec., supplemental vol. 2 of 3.

[6]A copy of petitioner's writ application in 2008-KH-2312 is contained in the State rec., supplemental vol. 1 of 3.

[7]A copy of petitioner's writ application in 2008-KH-2391 is contained in the State rec., supplemental vol. 2 of 3.

respect to his post-conviction application.[8] On October 1, 2010, the Louisiana Supreme Court denied petitioner's writ application.

8) *State ex rel. Lowery v. State*, No. 2009-KH-1754, 36 So.3d 225 (2010), wherein petitioner complained that an earlier sentence, used to enhance his present sentence, was imposed illegally.[9] On May 21, 2010, the Louisiana Supreme Court denied petitioner's writ application as untimely pursuant to La.C.Cr.P. art. 930.8 and *Glover*, *supra*.

On June 10, 2010, petitioner signed his original federal habeas corpus action (rec. doc. 1), arguing that counsel was ineffective because he failed to gather evidence and/or witnesses. Thereafter, petitioner filed a pleading (rec. doc. 12) informing that he desired to file additional claims for habeas relief and requesting the proper form on which to file an amended petition.

On April 5, 2011, petitioner signed his amended petition (rec. doc. 14), raising the following claims:

1) The trial court erred in denying motion to suppress based upon unreasonable search and seizure;

2) denial of effective assistance of counsel due to counsel's failure to perform a thorough investigation and failure to prepare a defense;

3 and 4) prosecution unconstitutionally failed to disclose favorable evidence;

5) ineffective assistance of counsel due to failure to assert inconsistencies in connection with multiple offender adjudication;

---

[8] A copy of petitioner's writ application in 2009-KH-246 is contained in the State rec., supplemental vol. 1 of 3.

[9] A copy of petitioner's writ application in 2009-KH-1754 is contained in the State rec., supplemental vol. 2 of 3.

6) denied right to confront witnesses;

7) ineffective assistance of counsel due to counsel's failure to impeach witness testimony;

8) trial court erred in admitting checks into evidence;

9) trial court erred in denying motion for a mistrial;

10) the prosecution improperly vouched for credibility of witness;

11) denied right to "cross-examine evidence";

12) denied effective assistance of counsel due to counsel's denial of petitioner's right to take the witness stand;

13) prior conviction could not properly be used to enhance sentence;

14) prior conviction obtained via involuntary guilty plea;

15) denied effective assistance of counsel due to counsel's failure to abide by petitioner's request that he file a motion to recuse the trial judge and the district attorney.[10]

The State concedes that the instant action is timely, but argues that petitioner has failed to exhaust his state court remedies. This court agrees.

## II. EXHAUSTION

It is well-established that a federal habeas petitioner must first exhaust state court remedies by bringing his claims before the state courts before proceeding to federal court.

---

[10]Petitioner's claim 15) is set for in petitioner's supplement (rec. doc. 17) to his amended petition.

*Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

As set forth above, the only claims which petitioner raises in the instant habeas action which he has fully exhausted by bringing said claims to the Louisiana Supreme Court are claim 1), wherein he argues that he was subject to an unconstitutional search and seizure and therefore, his motion to suppress should have been granted; and claims 5), 13) and 14), all of which involve challenges to petitioner's multiple offender adjudication.

In a situation such as this, where a petitioner raises both exhausted and unexhausted claims, presenting a "mixed" petition to the court, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under 28 U.S.C. § 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of *Lundy's* total exhaustion requirement", is reducing the potential for delay in finalizing state court judgments and encouraging litigants to bring all their claims to state court before bringing them to federal court. *Rhines*, 544 U.S. at 276-77, 125 S.Ct. at 1534. The Court warned that staying federal habeas corpus petitions and holding them in abeyance, "if employed too frequently, has the potential to undermine [the above-described] twin purposes", explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534. With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court**. [Emphasis added.]

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Having reviewed the pertinent pleadings and state court record, the court finds no good cause excusing petitioner's failure to exhaust his state court remedies. Accordingly;

8

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Edward Lowery for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** without prejudice for failure to exhaust state remedies.[11]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[12]

New Orleans, Louisiana, this __11th__ day of _____August_____, 2011.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[11]Petitioner is, of course, always free to abandon his unexhausted claims and proceed only on the exhausted claims.  *See Lundy*, 455 U.S at 510, 102 S.Ct. At 1199.

[12]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.